UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAUNCEY MOORE,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>ROBERT BOUFFARD, *et al.*,<br>　　　*Defendants*. | No. 3:16-cv-398 (JAM) |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

　　　Plaintiff Chauncey Moore brings this civil rights action *pro se* and *in forma pauperis* to seek money damages against his federal probation officer and against two unnamed officers of the police department of Manchester, Connecticut. I conclude that plaintiff has not alleged plausible grounds for relief against his federal probation officer but that his claims against the police officers shall proceed, subject to plaintiff's filing of an amended complaint within 60 days that identifies the police officer defendants by name.

**BACKGROUND**

　　　The following allegations from plaintiff's complaint are accepted as true solely for purposes of the Court's initial review. On October 28, 2012, after plaintiff had been released from a term of federal imprisonment, he contacted his United States Probation Officer, defendant Robert Bouffard, about a place he might live while he completed his term of supervised release. He provided Bouffard with the name of a woman—ChiChi Hernandez—who resided in Manchester, Connecticut. Doc. #1 at 4–5 (¶ I). Bouffard approved Hernandez's home as plaintiff's place of residence. *Id.* at 5 (¶ II).

　　　On April 2, 2013, plaintiff contacted Bouffard and asked for permission to move to a new residence immediately. He stated that Hernandez had been verbally and physically abusive

towards him, and that he had recently learned that Hernandez suffered from a mental health disorder and was on probation for fighting. He told Bouffard that he had found a new place to live and that he could move in as soon as he received his paycheck in a couple of days. He also stated that he wanted to stay with a friend until he could move to the new apartment.

Bouffard warned plaintiff that he could not leave Hernandez's residence until the new residence had been approved by the probation office. Bouffard asked plaintiff to stay at Hernandez's home for a few more days until he could review and approve the new residence. *Id.* at 5–6 (¶ IV).

In the meantime, on the morning of April 6, 2013, a neighbor called the police in response to a disturbance at Hernandez's residence. Hernandez had thrown a jar of spaghetti sauce, which broke when it hit the floor. Two Manchester police officers—defendants "John Doe #1" and "John Doe #2"—arrived at the residence. Doe #1 spoke to plaintiff about what had occurred, while Doe #2 spoke to Hernandez in a different room. Plaintiff told Doe #1 that Hernandez had not taken her medication and had been out all night smoking angel dust and drinking. Plaintiff, however, refused to tell Doe #1 that Hernandez had thrown the jar of spaghetti sauce. Doe #1 arrested plaintiff and transported him to the Manchester police department. Plaintiff was charged with assault in the third degree, and was detained. *Id.* at 6–7 (¶ VII).

At plaintiff's arraignment in state court, a judge set bond at $10,000. Federal officials subsequently lodged a detainer against him for violating his term of supervised release from his federal sentence. According to plaintiff, the federal detainer prevented him from being able to post bond to secure his release on the pending state charge. *Id.* at 7 (¶ VIII).

On September 4, 2013, the Connecticut State's Attorney entered a *nolle prosequi* as to

the assault charge. Plaintiff's public defender informed him that Hernandez had submitted a letter to the court stating that plaintiff had not assaulted her, and that the court had learned that Hernandez had a history of giving false statements. *Id.* at 7–8 (¶¶ IX–X).

On September 6, 2013, marshals transported plaintiff to federal court for a hearing on the violation of his federal supervised release. Plaintiff alleges that the federal magistrate judge found no grounds to support a violation, because the Connecticut State's Attorney had chosen not to pursue the assault charge against him. Plaintiff alleges that the magistrate then lifted the detainer and ordered his release. *Id.* at 8 (¶ XI).

After his release, plaintiff contacted Hernandez and asked why she had lied to the police. She responded that Doe #1 and Doe #2 had pressured her into stating that plaintiff had assaulted her. She explained that she accused plaintiff in order to avoid being charged with any criminal offenses or sent to jail. *Id.* at 8–9 (¶ XII).

Almost two years later, in the summer of 2015, plaintiff was convicted in state court for resisting arrest, and this in turn brought him back to federal court for a charge of violating the conditions of his federal supervised release. Bouffard submitted a report in connection with the federal hearing, and plaintiff claims that the report included a number of false statements about plaintiff. Judge Chatigny found plaintiff in violation of his supervised release and sentenced him to one year of imprisonment followed by two more years of supervised release. *See United States v. Moore*, Case No. 3:03cr178(RNC), Doc. #187.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a

3

complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well-established that "pro se complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### *Claims Against Bouffard*

Pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff brings claims against Bouffard in both his official and individual capacity. With respect to his official-capacity claims, they are plainly barred by sovereign immunity. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). With respect to the individual-capacity claims, they otherwise lack merit. As to those claims against Bouffard relating to plaintiff's residence at Hernandez's home, plaintiff alleges in substance that Bouffard acted negligently in approving and allowing him to live with Hernandez. The Constitution, however, does not afford a remedy for claims of mere negligence against government officials. *See Daniels v. Williams*, 474 U.S. 327, 332–33 (1986).

Plaintiff further alleges that Bouffard violated his constitutional rights when he knowingly submitted false information to Judge Chatigny and that this false information led Judge Chatigny to impose a more severe sentence. But because plaintiff has not pursued relief in the first instance from Judge Chatigny to invalidate the sentence that he received, he may not separately pursue a *Bivens* claim for money damages here. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (foreclosing § 1983 claim for money damages on grounds that challenge the validity of a conviction or sentence that has not been separately invalidated); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (*per curiam*) (applying rule of *Heck v. Humphrey* to *Bivens* actions);

4

*McClinton v. Henderson*, 2014 WL 2048389, at *4–6 (E.D.N.Y. 2014) (applying rule of *Heck v. Humphrey* to parole hearings). All claims against Bouffard are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### *Claims Against Doe #1 and Doe #2*

Plaintiff next alleges in essence that defendants Doe #1 and Doe #2 subjected him to false arrest and malicious prosecution in violation of his rights under the Fourth Amendment. *See Edelman v. Page*, 2015 WL 1395893, at *11–12 (D. Conn. 2015) (describing elements of Fourth Amendment claims for false arrest and malicious prosecution). Because it appears that plaintiff has alleged a *prima facie* factual basis for these claims, I conclude that these claims may proceed. To the extent that the complaint may also be interpreted to allege yet additional constitutional claims against Doe #1 and Doe #2 arising from the same facts involving the arrest and prosecution of plaintiff as a result of the incident at the Hernandez home, I will also allow these claims to proceed at this time. This ruling, however, is provisional and subject to the right of Doe #1 and Doe #2 to seek dismissal of any of plaintiff's constitutional claims by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12 or—after discovery—by way of a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

### CONCLUSION

The Court enters the following orders:

(1)     Plaintiff's claims against defendant Robert Bouffard are DISMISSED with prejudice.

(2)     Plaintiff's claims against defendants John Doe #1 and John Doe #2 may proceed at this time. But because the Clerk of Court is unable to serve process on the Doe defendants until plaintiff identifies them by their first and last names, plaintiff must promptly take steps to

5

learn the names of these officers, and plaintiff shall file an amended complaint within 60 days—by **March 1, 2017**—naming these officers as defendants. **If plaintiff fails to file an amended complaint by March 1, 2017, or to timely seek a further extension based upon good cause for more time to file an amended complaint, then plaintiff is advised that the Court will dismiss this action for failure of plaintiff to prosecute his claims.**

It is so ordered.

Dated at New Haven, Connecticut this 29th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge