UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAUNCEY MOORE,
    *Plaintiff*,

v.                                                          No. 3:16-cv-398 (JAM)

ROBERT BOUFFARD, *et al.*,
    *Defendants*.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff has filed a motion for reconsideration with respect to that part of the Court's initial review order (Doc. #17) that dismissed plaintiff's claim against his federal probation officer, Robert Bouffard, in connection with Bouffard's placement of plaintiff at the home of ChiChi Hernandez. Because I conclude that plaintiff has not alleged any facts or law that would justify granting reconsideration, I will deny the motion for reconsideration.

Plaintiff's motion relies on *Jacobs v. Ramirez*, 400 F.3d 105 (2d Cir. 2005) (*per curiam*), a case involving the duty of a parole or probation officer with respect to a supervisee's residential placement. Although *Jacobs* makes clear that a parole or probation officer indeed has a duty of care to a supervisee, my prior decision did not rely on the absence of any duty of care. To the contrary, I concluded that plaintiff's complaint sounded in negligence, rather than any intentional or malicious effort by defendant Bouffard to do plaintiff harm.

As the Second Circuit has made clear, a plaintiff who is in the custody of government officials and who seeks to prove a special-relationship or state-created danger claim under the Constitution's Due Process Clause "must show that the officers' behavior was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (internal quotation marks and citations omitted).

1

According to the Second Circuit, "this requirement screens out all but the most significant constitutional violations, lest the Constitution be demoted to . . . a font of tort law." *Ibid.* (internal quotation marks and citations omitted).

Even in light of the liberal standards that are accorded to a *pro se* pleading, plaintiff has not alleged any facts to suggest that Bouffard's conduct meets this conscience-shocking constitutional standard. The facts alleged in the complaint suggest at best that Bouffard was negligent when he did not immediately honor plaintiff's request for a change of residence. The complaint does not allege that Bouffard ignored plaintiff or categorically denied his request to move to a new residence. To the contrary, Bouffard stated that he needed time to verify plaintiff's new proposed residence and he "told the plaintiff to just stick it out for a couple more days until he checks out the new spot and approve[s] the move." Doc. #1-2 at 6.

It does not shock the conscience that a probation officer would wish to verify a plaintiff's new proposed residence before approving a move. Because Bouffard's conduct was not conscience-shocking, plaintiff has failed to allege plausible grounds for relief against him under the Due Process Clause. In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).[1] Plaintiff has not alleged facts that give rise to plausible grounds for relief.

---

[1] The Second Circuit's decision in *Jacobs v. Ramirez* pre-dates the advent of the "plausibility" standard as set forth above in the Supreme Court's decisions in *Twombly* and *Iqbal*. Accordingly, to the extent that the Second

Moreover, even assuming that plaintiff has alleged a plausible *prima facie* claim for relief under the Due Process Clause, he has not alleged facts that would overcome Bouffard's entitlement to qualified immunity against a claim for money damages. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Carroll v. Carman*, 135 S. Ct. 348, 351 (2014). As the Supreme Court has explained, "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Richard*, 134 S. Ct. 2012, 2023 (2014); *see also McGowan v. United States*, 825 F.3d 118, 124 (2d Cir. 2016) (outlining scope of qualified immunity inquiry).

Here, in light of the complaint's acknowledgement that Bouffard did not deny plaintiff's request for a transfer of residence but asked only for a couple of days to verify his new proposed residence, it is clear that Bouffard did not violate any clearly established law. There is no clearly established law that requires a probation officer to immediately grant a supervisee's request for a change of residence and without the probation officer's opportunity to conduct a review of the suitability of the new proposed residence.

Accordingly, because the complaint neither alleges a plausible claim for relief against Bouffard nor alleges facts that would suffice to overcome qualified immunity, the Court adheres to its decision dismissing plaintiff's claim against Bouffard. The Court DENIES plaintiff's motion for reconsideration.

---

Circuit in *Jacobs* applied a more "forgiving standard" that required that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," 400 F.3d at 106, the law governing the Court's initial review of a complaint has changed.

It is so ordered.

Dated at New Haven, Connecticut this 24th day of January 2017.

                                                  /s/ *Jeffrey Alker Meyer*
                                                  Jeffrey Alker Meyer
                                                  United States District Judge